**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**SEAN MICHAEL WOODRUFF** **PETITIONER**

**v.** **NO. 4:26-cv-00667-JM-PSH**

**DEXTER PAYNE** **RESPONDENT**

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

In this case, filed pursuant to 28 U.S.C. 2254, petitioner Sean Michael Woodruff ("Woodruff") challenges his April of 2022 Arkansas County Circuit Court convictions. It is recommended that this case be dismissed because his petition for writ of habeas corpus is untimely, and there is no legal justification for excusing its untimely filing.

The record in this case reflects that Woodruff was convicted of first-degree murder, first-degree battery, and employing a firearm as a means of committing the offenses. His convictions were based on evidence that he shot two of his friends, killing one of them and seriously injuring the other. Woodruff did not deny shooting the victims but maintained that he was justified in doing so because there was an altercation and "he was scared." See Woodruff v. State, 2023 Ark. App. 423, 677 S.W.3d 206, 214 (2023).

Woodruff appealed his convictions. The Arkansas Court of Appeals found no reversible error and affirmed his conviction. He filed a petition for rehearing, but the state appellate court denied the petition. He then filed a petition for discretionary review with the Arkansas Supreme Court. The state Supreme Court denied the petition in December of 2023.

In February of 2024, Woodruff filed a state trial court petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 ("Rule 37). He amended the petition two months later. In November of 2024, the state trial court denied Woodruff's amended Rule 37 petition. Woodruff did not appeal the denial of his Rule 37.

In June of 2026, Woodruff signed the petition at bar and placed it in the prison mailing system. The petition was filed the following month. In the petition, he addressed, in part, its timeliness. He offered the following explanation for the delay between the denial of his Rule 37 petition and the filing of this case:

> [I] pursued direct review of [my] conviction and subsequently filed a Rule 37 petition for post-conviction relief. [I] was proceeding without counsel and believed [I] was continuing to pursue available remedies. After the Rule 37 petition was denied, [I] was informed that there was nothing further that could be done regarding [my] case and relied on that information. [I] respectfully request[] that the Court consider [my] petition in light of these circumstances.

See Docket Entry 1 at CM/ECF 13.

Respondent Dexter Payne ("Payne") filed a response to Woodruff's petition. In the response, Payne maintained, in part, that the petition should be dismissed because it is time-barred.

Woodruff thereafter filed a reply in which he acknowledged that his petition is untimely. He asked, though, that its untimely filing be excused in light of his diligence, the circumstances following the denial of his Rule 37 petition, his restricted access to legal resources, his family's efforts to obtain help, and his pro se status. In an accompanying declaration, he represented, in part, the following:

> After my Rule 37 petition was denied, I did not understand that I had a separate federal habeas remedy available to me.
>
> My regular population law-library is limited. I can generally go when regular library is called for population, approximately two times per week, on Wednesday and Sunday, for about thirty minutes each time.
>
> My mother later told me that she had learned through research about federal habeas corpus. When she told me, I immediately asked her to try to find someone who could help us fill out the paperwork.
>
> We were unable to obtain an attorney, and I relied on the limited legal resources available to me and my mother's assistance in preparing the federal petition.
>
> I did not intentionally abandon my effort to challenge my conviction. ...

See Docket Entry 6 at CM/ECF 10. Woodruff also submitted a declaration from his mother, Kimberly Snowden ("Snowden). In the declaration, Snowden represented, in part, the following:

> After [Woodruff's] Rule 37 petition was denied in November 2024, I tried to determine what other legal steps might be available to him.
>
> In approximately December 2024, I called Sarah Merchant at the circuit clerk's office. I do not remember the exact day. I asked what other steps we could take after the Rule 37 denial. I understood the response to mean that there was nothing else we could do. I did not understand at that time that [Woodruff] might have a separate federal habeas remedy.
>
> ...
>
> Approximately three months before [Woodruff] filed his federal habeas petition, I learned about the possibility of federal habeas relief through my own online research. ...

See Docket Entry 6 at CM/ECF 8.

A state prisoner has one year during which he may file a petition pursuant to 28 U.S.C. 2254. If he does not file his petition within that one-year period, excluding any applicable periods of tolling, the petition is barred. 28 U.S.C. 2244(d) provides that the one-year limitations period begins from the latest of one of four dates or events.

Payne maintains that the applicable limitations period is found at 28 U.S.C. 2244(d)(1)(A), which provides that the one-year limitations period begins on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Applying 28 U.S.C. 2244(d)(1)(A), he maintains that the one-year period

began in March of 2024, or ninety days after the state Supreme Court's denial of discretionary review. See Gonzales v. Thaler, 565 U.S. 134 (2012); Nelson v. Norris, 618 F.3d 886 (8th Cir. 2010) (after denial of discretionary review, petitioner has ninety days to file petition for writ of certiorari with United States Supreme Court; when he does not, judgment becomes final).

Payne's position has merit and is adopted. The limitations period here is found at 28 U.S.C. 2244(d)(1)(A). Woodruff's convictions became final in March of 2024, or ninety days after the state Supreme Court's denial of discretionary review. He therefore had up to March of 2025 to file a timely petition pursuant to 28 U.S.C. 2254. He did not sign the petition at bar, though, until June of 2026. As a result, his petition is untimely. The only question is whether there is a reason for tolling the one-year limitations period or otherwise excusing the untimely filing of his petition.

28 U.S.C. 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitations. An application for state post-conviction or other collateral relief is deemed to be "pending" even during the period in which a petitioner can appeal the state trial court's denial of his application, even if he fails to actually appeal the denial. See Williams v. Bruton, 299 F.3d 981 (8th Cir. 2002).

Here, Woodruff's Rule 37 petition was properly filed in February of 2024. This case is therefore unusual in that his "application for state post-conviction or other collateral review," i.e., his Rule 37 petition, was filed before the judgment became final. His petition remained pending until it was denied in November of 2024. He had thirty days thereafter to appeal the denial of his petition, but he failed to do so. Giving Woodruff the benefit of the thirty day period during which he could have appealed the denial of his Rule 37 petition, the one year limitations was tolled until December of 2024. It was only in December of 2024 that the period of tolling concluded, and the one year period for filing a timely petition pursuant to 28 U.S.C. 2254 began in earnest. Thus, he had until December of 2025 to file a timely petition pursuant to 28 U.S.C. 2254. Sadly, though, he did not sign and mail the petition at bar by December of 2025; he instead waited until June of 2026 to sign and mail the petition.[1]

Although 28 U.S.C. 2244(d)(2) affords some benefit to Woodruff, it does not salvage the petition at bar. He filed the petition more than one year after the period of tolling concluded. The only question is whether there is a legal justification for excusing the untimely filing of his petition.

---

[1] The undersigned gives Woodruff the benefit of the prison mailbox rule, which provides that a legal document is deemed "filed" on the date it is given to prison authorities for mailing.

The one-year limitations period for filing a timely petition pursuant to 28 U.S.C. 2254 can be equitably tolled. See Gordon v. Arkansas, 823 F.3d 1188 (8th Cir. 2016). In that case, the Court of Appeals explained that equitable tolling "asks whether federal courts may excuse a petitioner's failure to comply with federal timing rules, an inquiry that does not implicate a state court's interpretation of state law." See Id. at 1195 (internal quotation omitted) (emphasis in original). Equitable tolling is warranted if the petitioner has been pursuing his rights diligently and some extraordinary circumstance stood in his way and prevented a timely filing. See Id.

Here, Woodruff asks that the untimely filing of the petition at bar be excused. He asks that consideration be given to his "diligence, the circumstances following the Rule 37 denial, his restricted access to legal resources, his family's efforts to obtain help, and the fact that he proceeded without counsel." See Docket Entry 6 at CM/ECF 1.

The undersigned is not unsympathetic to Woodruff's plight. The undersigned accepts that he initially understood there to be no judicial avenues open to him after the denial of his Rule 37 petition, and he only discovered the possibility of federal habeas corpus relief after his mother conducted on-line research. He has had limited access to the prison law

library, and he has been proceeding pro se since the state Court of Appeals affirmed his convictions. Assuming, without deciding, that he has been pursuing his rights diligently, these assertions, though not insignificant, provide no legal justification for excusing the untimely filing of the petition at bar. The undersigned so finds for the following reasons.

First, Woodruff's unfamiliarity with federal law is not a ground for equitable tolling. See Preston v. State, 221 F.3d 1343 (8th Cir. 2000). As the Court of Appeals observed in Baker v. Norris, 321 F.3d 769, 772 (8th Cir. 2003):

> ... Prisoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul. See e.g., Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir.1999) (noting that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing"), cert. denied, 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991 (2001).

Second, Woodruff's limited access to a prison law library is not a ground for equitable tolling. See Kreutzer v. Bowersox, 231 F.3d 460 (8th Cir. 2000). His access, though undoubtedly limited, was not enough to "make it impossible to file a petition on time." See Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999).

Third, a petitioner's pro se status is typically not a ground for equitable tolling. See Johnson v. Hobbs, 678 F.3d 607 (8th Cir. 2012). Woodruff has offered nothing to place this case outside the typical case.

"The extraordinary circumstance that prevents a petitioner from timely filing his federal application must be external to the petitioner and not attributable to his actions." See Johnson v. Hobbs, 678 F.3d at 611. Here, Woodruff maintains that he was misled by a conversation Snowden had with Sarah Merchant ("Merchant") of the state trial court clerk's office. Snowden represents that she asked Merchant about other steps Woodruff could take. Snowden does not remember what she was told; she only remembers that she "understood the response to mean that there was nothing else we could do." See Docket Entry 6 at CM/ECF 8.

Snowden's takeaway from her conversation with Merchant is not a ground for equitable tolling. There are several reasons why. They include, but are not limited to, the following: it is not clear who Merchant is; it is unclear whether Merchant was charged with giving, and did in fact give, legal advice; it is unclear how she might know the breadth of the legal options open to Woodruff; it is unclear precisely what Merchant was asked; and Snowden does not remember what she was told. Notwithstanding the foregoing, the Court of Appeals has noted that even "[i]neffective

assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance" warranting equitable tolling. See United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005).[2] Even if Woodruff's allegation is accepted as true, and supposing that Merchant did in fact tell Snowden that Woodruff had no other options, Merchant's statement was simply negligent or mistaken. Merchant's statement was not on par with, or the functional equivalent of, serious attorney misconduct.

Notwithstanding the foregoing, a showing of actual innocence may excuse the untimely filing of a petition pursuant to 28 U.S.C. 2254. See McQuiggin v. Perkins, 569 U.S. 383 (2013). "A petitioner 'does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" See Story v. Kelley, No. 4:17-cv-00853-KGB, 2018 WL 3193807, 1 (E.D.Ark. 2018) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). The actual innocence gateway affords Woodruff no benefit. He admitted committing the alleged criminal acts, and he has offered no new evidence suggesting that he is innocent.

---

[2] "Serious attorney misconduct, on the other hand, may elicit equitable tolling." See Thomas v. Steele, No. 4:17-cv-00775-ERW, 2018 WL 3304645, 4 (E.D.Mo. July 5, 2018) (citing United States v. Martin, supra).

Given the foregoing, Woodruff's petition is untimely as it was filed more than one year after the period of tolling concluded. There is also no legal justification for excusing its untimely filing. It is therefore time barred. It is recommended that his petition be dismissed, all requested relief be denied, and judgment be entered for Payne. A certificate of appealability should also be denied.

DATED this 5th day of October, 2026.

UNITED STATES MAGISTRATE JUDGE